IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THERESA LEE, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 10-AR-0486-S |
| } | |
| R&M PROPERTIES, LCC, et al., } | |
| } | |
| Defendants } | |

**MEMORANDUM OPINION**

On June 9, 2010, plaintiff, Theresa Lee ("Lee"), obtained a money judgment in the amount of $115,214.66 against her former employers, defendants, R&M Properties, LLC ("R&M"), and Veena Lal ("Lal"). She claimed that they wrongfully terminated her. She demanded trial by jury. After R&M and Lal failed to respond in a timely manner to Lee's summons and complaint, Lee applied for an entry of default and the Clerk entered default, after which the court set the case for jury trial on the question of damages. Lee, who is black, invoked both Title VII and 42 U.S.C. § 1981. She had exhausted her EEOC remedy.

After a jury verdict and money judgment in her favor, Lee timely filed motions for front-pay and for attorney's fees. Lee's original complaint, besides seeking compensatory and punitive damages, contained alternative prayers for reinstatement or front-pay, both equitable remedies. The choice between these two remedies is for the court. It is not for the plaintiff or for the jury.

During the hearing on Lee's two motions, Ed Sexton, Esq., without having previously appeared for R&M or Lal in this case, unexpectedly appeared as attorney for defendants, orally requested leave to file a written response to Lee's motions, and was granted leave to file an appropriate response by July 21, 2010.

On July 21, 2010, defendants filed a motion under Rule 60(b)(1), F.R.Civ.P., employing the magic words of the rule, namely, "mistake", "inadvertence", and "excusable neglect". R&M and Lal did not respond to either of Lee's pending post-trial motions, understandably waiting for the court to rule on their Rule 60(b)(1) motion, knowing that if the court should grant defendants' motion, plaintiff's motions would be moot. During the hearing on defendants' Rule 60(b)(1) motion, the court shared with the parties some of its concerns, but took defendants' motion under advisement. Counsel for defendants, when asked by the court, agreed that defendants would prefer "reinstatement" over "front-pay", that is, if their Rule 60(b)(1) should be denied.

Defendants do not invoke Rule 60(b)(6), the "catch-all" provision of Rule 60(b). *Inter alia*, Rule 60(b) allows relief from a final judgment only upon "**just terms**". (emphasis added). Defendants have not tendered or offered to pay plaintiff's attorney's fees or the other costs attributable to an abortive jury trial. If defendants' Rule 60(b)(1) motion were granted, the "**just terms**" in this case would be costly indeed for defendants.

But the court does not reach the question of "just terms".

To obtain relief under Rule 60(b)(1), movants must establish by a preponderance of the evidence (1) the existence of a "mistake", or "inadvertence", or "excusable neglect" by the defaulting party; (2) that movants had a meritorious defense; and (3) that granting the motion will not result in prejudice to the non-defaulting party.  12 James Wm. Moore et al., Moore's Federal Practice § 60.02[2] 3d ed. (2010).  *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780,783 (11th Cir. 1993).  Clearly, Lee would be prejudiced by a setting aside of her judgment after she pursued her claim through the EEOC and to trial by jury.  She would undergo the anxiety associated with lengthy discovery while unemployed and impecunious (unless she lucks up on a job), and delay occasioned by the defense of defendants' easily anticipated summary judgment motion.  In this case the very real prejudice to plaintiff if she has to go back to the starting line would be "undue".  It counts heavily, if not dispositively, against defendants.

Defendants' claim of "meritorious defense" must also be carefully examined.  Here, defendants only offer a general denial as their defense.  This translates into a strategy of waiting to see what discovery turns up.  And, defendants now have the advantage of access to the transcript of Lee's trial testimony.  In theory, every general denial of the essential allegations of a

complaint constitutes a "meritorious defense", but such a defense is not quite as "meritorious" as would be the bar of a statute of limitations or of a plaintiff's failure to exhaust EEOC remedies.

Assuming *arguendo* that defendants have a meritorious defense and that plaintiff would not be unduly prejudiced by the reinstatement of her case, defendants still have to prove "mistake", "inadvertence" or "excusable neglect". Defendants' Rule 60(b)(1) motion is not accompanied by an affidavit. It depends entirely upon the unsworn and uncross-examined assertion that defendants were confused by the fact that another action was pending against them in this court, namely, *Towns and Towns v. R&M Properties, LLC and Veena Lal* (CV-09-JEO-1061-S). *Towns* was a case that had been filed earlier by the attorney who now represents Lee. That case was filed on behalf of two other former employees of these same defendants. The earlier action, which was settled shortly after this case was filed, and which was assigned to another judge of this court, and which had entirely different plaintiffs, does not provide a satisfactory explanation of why defendants simply ignored Lee's entirely separate summons and complaint, particularly when they do not deny having received notice of the EEOC claim that had been initiated by Lee. Exactly when and how defendants came to find out about the jury verdict in this case, and the judgment entered thereon, cannot be fathomed from the record. Defendants somehow managed to find out about

4

their predicament before the court could rule on Lee's post-verdict motions. Defendants may have been "mistaken" or may have been "inadvertent" in some senses of these words, but were not "mistaken" or "inadvertent", in this court's opinion, to the extent that calls for a Rule 60(b)(1) order of vacation. If what defendants failed to do was mere "inadvertence", then anybody can, with impunity, throw a court's summons and complaint into the wastebasket without reading it. Neither can what defendants did, or failed to do, be called "excusable neglect". Defendants' motion goes so far as to blame plaintiff's counsel for not having warned defendants before he took the entry of default. Plaintiff's counsel had no ethical or legal obligation to do more than to serve Lee's summons and complaint upon defendants and to follow the Federal Rules of Civil Procedure.

Even if the court preferred "front-pay" as the appropriate post-verdict equitable remedy for Lee, which it does not, the court would order front-pay only after hearing expert testimony regarding plaintiff's mortality, her expected work-life, her prospects for gainful employment upon making reasonable effort to obtain it, and the appropriate interest rate. The court cannot simply adopt plaintiff's proffered computation of front-pay based arbitrarily on two years of prospective unemployment by Lee. By reinstating her, there is no guesswork. She gets her job back, something more valuable than front-pay.

In accordance with the foregoing, and with what was said in open court, defendants' Rule 60(b)(1) motion will be denied, plaintiff's motion for front-pay will be denied, and defendant will be ordered to reinstate plaintiff, all by separate order.

DONE this 25th day of August, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE